## COMMERCIAL CREDIT CO. v. NORTHUMBERLAND COUNTY.
### No. 4114.

District Court, M. D. Pennsylvania.
March 7, 1938.

Frederick B. Moser, of Shamokin, Pa., and Samuel Gubin, of Sunbury, Pa., for defendant.

Charles E. Berger, of Pottsville, Pa., Duane R. Dills and Jack J. Levinson, both of New York City, and S. L. Gribbin, of Shamokin, Pa., for plaintiff.

**JOHNSON, District Judge.**

This is an action in assumpsit to recover the price of voting machines purchased by the county of Northumberland. The action is based upon a written contract entered into between the seller, Poole Engineering & Machine Company, and the defendant county of Northumberland. A copy of the contract is annexed to the statement of claim. The plaintiff is Commercial Credit Company, and it avers in its statement of claim that the seller, Poole Engineering & Machine Company, was adjudicated a bankrupt; that George W. Manley, who was duly elected trustee in bankruptcy, assigned to the plaintiff all his rights arising out of the contract whereby the voting machines were sold to the defendant, and that the referee in bankruptcy approved the assignment.

The defendant moved to strike off the statement of claim on the ground that a copy of the trustee's assignment and the referee's approval of the assignment is not attached to the statement.

Section 5 of the Pennsylvania Practice Act of 1915, 12 P.S. § 386, requires that a statement of claim shall have attached to it copies of all contracts upon which the party pleading relies for his claim. In referring to this section, Sadler, P. J., in Miller Bros. & Co. v. Graham's Executors, 27 Pa. Dist. R. 306 stated:

"Is this a requirement that such copies be attached, or the place of record given, where the averment is made for the purpose of showing the authority of the parties to the action, or does it apply only where the documents are such as are essentially the foundation of the action? It is to be noticed that the clause of the Practice Act of 1915 is almost identical in phraseology with section 3 of the Practice Act of May 25, 1887, P.L. 271, and with section 5 of the earlier Act of March 21, 1806, P.L. 558, 4 Sm.Laws, 326. Under this earlier legislation it was never held, as far as we can discover, that the written evidence of the standing of the parties plaintiff or defendant should be made a part of the statement by attaching copies thereto. It is true that, upon trial, proof of the fact averred would have been demanded in case of denial, but rules of court were generally adopted, in our case rule 6, by which the character in which the party sued or was sued was deemed admitted, unless denied by special plea verified by affidavit filed six weeks before the trial. Such was true in cases not only of executors, but 'administrators, terre-tenants, trustees, guardians, assignees, public officers, corporations or the like.' No proof was required under these rules of court in such cases, unless the question was specially raised in the manner provided therein."

In Zell v. Erie Bronze Company, 3 Erie Law Journal 93, plaintiff's statement had "attached thereto, copies of the contract and book entries on which plaintiff relies and avers that the right of action thereon accrued to plaintiff by reason of the assignment to him of certain letters patent, which assignment is of record in the United States Patent Office. To the statement of claim defendant filed an affidavit of defense in the nature of demurrer, averring that the statement of claim is insufficient in that plaintiff has not attached thereto a copy of the assignment of this patent showing the right of action in him." The court cited the case of Miller Bros. & Co. v. Graham's Executors, supra, and held that a copy of the assignment need not be attached to the statement.

The Practice Act requires that only the contract upon which the cause of action is based need be annexed to the statement of claim. The contract between the Poole Engineering & Machine Company and the county of Northumberland is the basis of the cause of action in this case, and it is annexed to the statement. The manner of acquiring the right to sue in the case is not the basis of the action, but is a matter to be proved at the trial. The Practice Act does not require such evidence to be attached to the statement.

And now the motion to strike off plaintiff's statement is denied, and defendant is given leave to file its answer within 15 days after disposition of the pending rule to amend plaintiff's statement, granted on February 16, 1938.